## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ADRIAN B. RODRIGUEZ,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **Case No.: CIV-2015-** 760-D |
| ) | |
| **HERTZ CORPORATION,** ) | |
| **a Delaware Corporation; BARTH TREVOR** ) | |
| **HOWARD, individually; and CARL WOLD,** ) | *Jury Trial Demanded* |
| **individually,** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

Plaintiff, Adrian B. Rodriguez, for his Complaint against the Defendants, the Hertz

Corporation, Bart Trevor Howard and Carl Wold, does hereby alleged and state as follows:

## JURISDICTION AND VENUE

1.     This cause of action in law and equity is based upon national origin as well as age

discrimination in violation of the Age Discrimination in Employment Act, and Oklahoma's Anti-

Discrimination Act, national origin and or race discrimination, including national origin/ race

plus age, in violation of Title VII of the Civil Rights Act and Oklahoma's Anti-Discrimination

Act.  Jurisdiction over the federal claims are vested pursuant to 29 U.S.C. § 626 (c), 42 U.S.C. §

2000e-5(f) and the laws of the State of Oklahoma through pendant jurisdiction, 29 U.S.C.§ 1367.

2.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, and 1367.

3.     Venue of this Court is invoked pursuant to 28 U.S.C. § 1391 as the unlawful employment

practices and torts alleged herein were committed within the Western District of Oklahoma and

Oklahoma County.

## PARTIES

4.      Plaintiff, Adrian B. Rodriguez, is a male citizen of United States and is a resident of Oklahoma City, Oklahoma County, Oklahoma, which is located in the Western District of Oklahoma.

5.      Defendant Hertz Corporation, a Delaware Corporation, licensed and doing business in Oklahoma City, Oklahoma County, which is located in the Western District of Oklahoma within the purview of 42 U.S.C. §2000e(b) and is involved in an industry affecting commerce and employs more than 500 persons.

6.      Defendant, Barth Trevor Howard, is believed to be an individual male citizen of the United States residing in Oklahoma City, Oklahoma County, Oklahoma, which is located in the Western District of Oklahoma employed by Defendant Hertz Corporation.

7.      Defendant, Carl Wold, is believed to be an individual male citizen of the United States residing in Oklahoma City, Oklahoma County, Oklahoma, which is located in the Western District of Oklahoma, employed by Defendant Hertz Corporation.

## FACTUAL BACKGOUND

8.      Plaintiff has been an employee for Defendant Hertz washing rental vehicles for over twenty (20) years.

9.      Plaintiff has had no major write-ups or previous discipline and has been a good trusted employee.

10.     Plaintiff is originally from Columbia but is currently and proudly a citizen of the United States.

11.     Plaintiff is not physically large due to my Hispanic heritage in Columbia.

12. Plaintiff is over 40 years of age and is older than the management staff at the Oklahoma Airport car wash facility.

13. Plaintiff is also the Union Steward for Teamsters Local 886 and has been involved in various labor disputes with Hertz. Most recently Plaintiff had to make a complaint about an unfair labor practice as the management personnel were trying to hire new employees and telling them that if they did not join the union, Hertz could pay them a higher salary. Management persons were very upset with Plaintiff over this issue.

14. Since Plaintiff has been employed he has been made fun of due to his inability to speak and understand English completely as it is not his first language. Plaintiff has difficulty understanding English that is spoken very fast or slurred. Although it has been persistent during his employment, Hertz management staff has made fun of him due to his language difficulties and Plaintiff has just tried to get along and joke around also.

15. Plaintiff is not well educated.

16. Defendant Howard has made fun of Plaintiff because of his age. Howard as indicated that if Plaintiff would retire Howard could hire two people to replace him. Howard as stated and otherwise indicated that Plaintiff is old and moving to slow. Howard has made Plaintiff feel like he needs new young persons who will work faster than Plaintiff.

17. Due to Plaintiff's size and age, Howard, on or about early March 2014, physically pulled Plaintiff from a car pushed him up against the door and screamed at him and threatened to beat him up for driving too slow and parking a car in a place Howard did not want it. No other employee has been assaulted by management as Plaintiff has been.

18. Until Plaintiff's termination, all management at the Oklahoma City car wash has been white. The employees hired for the car wash and cleaning of rental vehicles have usually been

black with a few Hispanics. Rarely does Hertz hire a white person to work in the Oklahoma City car wash facility.

19.     On or about late March 2014, Howard ran out of a storage shed without looking and in front of car I was moving from wash to the fuel island. It was raining and Plaintiff stopped immediately to try to avoid striking Howard. Howard, however, went into the office and consulted with Defendant Wold. As a result, an agreement was reached between Howard and Wold to terminate the employment of Plaintiff by claiming that Plaintiff caused the accident. Defendants relying on Plaintiff's poor command of the English language intentionally fabricated certain statements, inferences and allegations against Plaintiff.

20.     Hertz accepted the inaccurate and or fabricated statements of management did not conduct an independent investigation and terminated Plaintiff's employment even though the accident was minor and did not involve alleged serious injury.

21.     Other non-Hispanic employees have not suffered terminations or serious discipline when being involved in more serious accidents at work in the Oklahoma City area.

22.     Other non-union steward employees have not suffered terminations or serious discipline when being involved in more serious accidents at work in the Oklahoma City area.

23.     Plaintiff was required to immediately take drug and alcohol tests which were completely negative. Howard was not required to take any such tests.

24.     The speed limit in the car wash area was ten (10) miles per hour. Plaintiff was not exceeding five (5) miles per hour.

25.     No other employees at the Oklahoma City facility were treated as badly, harassed, made fun of, or disciplined as was Plaintiff. Plaintiff was the oldest employee at the Oklahoma City facility.

26.     After Plaintiff raised an issue about unfair labor practices of Hertz trying to get new hires not to join  the union, managements comments about his national origin and lack of command of the English language increased as well as the rude comments and comments about me being sent back to Columbia.

27.     As a result of the hostile work environment, Plaintiff was constructively discharged on or about March 31, 2014.

28.     Defendant Hertz further retaliated against Plaintiff by intentionally, through the activities of its employees by falsely claiming with the Oklahoma Department of Safety that a traffic accident had occurred which was the sole fault of Plaintiff, knowing and intending that such be placed in Plaintiff's driving record and preventing him from future employment.

29.     Motivating factors in the termination of Plaintiff include his age, his national origin/race, his union affiliation as union steward, and/or a combination of such factors.

30.     Plaintiff as lost income and benefits and experienced emotional distress and humiliation and continues to suffer, lost wages (including past, present and future loss and the value of benefits associated with such wages), and emotional distress symptoms including worry, frustration, anxiety and similar unpleasant emotional trauma.

31.     Plaintiff has exhausted his administrative remedies by timely filing an EEOC charge of discrimination on or about September 26, 2014. The EEOC issued a right to sue letter on April 14, 2015 and Plaintiff thereafter received such communication. This complaint is filed within ninety (90) days of the issuance of such right to sue letter.

32.     As the result of Defendants' discriminatory conduct, Plaintiff has suffered damages in excess of $10,000.00.

33.     Defendants' discriminatory actions were intentional, willful, malicious, and taken in reckless disregard for Plaintiff's rights; therefore, Plaintiff is entitled to punitive damages against Defendants jointly or severally.

## COUNT I

DISCRIMINATION

34.     For Count I of Plaintiff's Complaint, Plaintiff adopts and re-alleges all previous paragraphs numbered 1 through 31 as if pled and fully set forth herein and further states and alleges:

35.     Discrimination based on national origin /race or upon Plaintiff's status as an older male is a violation of Title VII (including Title VII's national origin/race plus doctrine) and the Oklahoma Anti-Discrimination Act.

36.     Under this Count Plaintiff is entitled to compensation for his lost wages (including back, present, and front pay along with the value of benefits associated with such wages), emotional distress/dignitary harm and attorney fees and costs. Plaintiff is entitled to liquidated damages under the state claim.

37.     Because the actions of the Defendants were willful or, at the least, in reckless disregard for Plaintiff's federally protected rights, Plaintiff is entitled to a award of punitive damages.

## COUNT II

38.     For Count II of Plaintiff's Complaint, Plaintiff adopts and re-alleges all previous paragraphs numbered 1 through 37 as if pled and fully set forth herein and further states and alleges:

39.     Discrimination based on Plaintiff's age is a violation of the ADEA and the OADA.

40.     Under the ADEA, the Plaintiff is entitled to recover his wage loss damages, past present and future, and the value of benefits associated with such wages. Plaintiff is entitled to liquidated damages under the state law claims.

41.     Under the ADEA claim, the Plaintiff may recover liquidated damages based on the willful nature of the discrimination.

42.      Defendants' discriminatory actions were intentional, willful, malicious, and taken in reckless disregard for Plaintiff's rights; therefore, Plaintiff is entitled to punitive damages against Defendants.

## COUNT III

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

43.     For Count III of Plaintiff's Complaint, Plaintiff adopts and re-alleges all previous paragraphs numbered 1 through 42 as if pled and fully set forth herein and further states and alleges:

44.      For Count III of Plaintiff's Complaint, Plaintiff adopts and re-alleges all paragraphs as if pled herein and further states and alleges:

45.      Defendants' conduct of constantly harassing Plaintiff and threatening to "press charges" or levy heavy fines if Plaintiff's tenants did not vacate the Plaintiff's property was so extreme and outrageous as to go beyond all bounds of decency and would be considered atrocious and utterly intolerable in a civilized society.

46.      Defendants intentionally or recklessly caused severe emotional distress to Plaintiff beyond that which a reasonable person could be expected to endure by Defendants actions including posting and discriminating false and fictitious rumors and accusation.

47.     As the direct and proximate result of Defendants' actions, Plaintiff has suffered damages and is entitled to recover damages in excess of $10,000.00.

48.     Defendants' unlawful actions were intentional, willful, malicious, and taken in reckless disregard for Plaintiff's rights; therefore, Plaintiff is entitled to punitive damages against Defendants.

**COUNT IV**
**APPLICATION FOR  INJUNCTIVE RELIEF**

49.     For Count II of Plaintiff's Complaint, Plaintiff adopts and re-alleges all previous paragraphs numbered 1 through 47 as if pled and fully set forth herein and further states and alleges:

50..     Defendant's actions, which constitute a violation of Title VII, 42 U.S.C. §2000e et seq., and a violation of Plaintiff's rights pursuant to 29 U.S.C. § 626 et seq. which gives rise to actual and *de facto* immediate and imminent irreparable harm for which Plaintiff has no adequate remedy at law, and/or otherwise is entitled to injunctive or other equitable relief.

51.     Plaintiff is likely to prevail on the merits.

52.     The failure to enjoin Defendants' further or ongoing harassment and interference with Plaintiff's good name and reputation and driving record will result in continued violations of federal and state law and Plaintiff's statutory rights, to the detriment of Plaintiff which is being denied to him because of Defendants' violations.

53.     The requested injunctive relief is demonstrably in the public interest.

54.     There are no other proceedings pending or that have been filed in any state court or administrative proceeding as this action is authorized.

**WHEREFORE**, Plaintiff respectfully requests the Court grant the following relief for the aforementioned allegations stated in this Complaint:

1. Declare that the discriminatory practices of Defendants, as set forth above violate the anti-discrimination provisions as noted herein.

2. Enjoin Defendants, their agents, employees, and successors, and all other persons in active concert or participation with any of them, from engaging in further discriminatory conduct and to remove the blight on Plaintiff's driving record;

3. Award such liquated damages to compensate Plaintiff for the willful injuries caused by Defendants' discriminatory intentional conduct;

4. Award Plaintiff his actual damages; together with pre- and post – judgment interest;

5. Award Plaintiff compensatory damages for humiliation, embarrassment, and emotional and mental distress;

7. Award Plaintiff punitive damages;

8. For any other relief this Court deems just and equitable including his attorney fees and costs.

**Dated this 13th day of July, 2015.**

>                        **Respectfully Submitted,**
>
>                        */s/ David J. Batton*
>                        **DAVID J. BATTON, OBA# 11750**
>                        **Law Office of David J. Batton**
>                        **P.O. Box 1304**
>                        **Norman, OK 73070-1304**
>                        **Tele: (405) 310-3432**
>                        **Fax: (405) 310-2646**
>                        **dave@dbattonlaw.com**
>                        **battonlaw@coxinet.net**
>
>                        ***Attorney for Plaintiff***
>                        ***Adrian B. Rodriguiez***